1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

REGINALD C. HOWARD,

    Plaintiff

v.

G. CARPENTER, et al.,

    Defendants

Case No.: 3:20-cv-00588-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 28

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion to dismiss. (ECF No. 28.) Plaintiff filed a response. (ECF No. 31.) Defendants filed a reply. (ECF No. 34.)

After a thorough review, it is recommended that Defendants' motion be granted in part and denied in part, as set forth below.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 8.)

The court screened Plaintiff's FAC and allowed him to proceed with: (1) an Eighth Amendment conditions of confinement claim against Mathew Noriega (mistakenly named by Plaintiff as Noreaga), Kelvin Chung (mistakenly named by Plaintiff as Chong), and Miguel Escamilla (mistakenly named by Plaintiff as Mescamilla); and (2) an Eighth Amendment failure

1  to protect claim against William Gittere, David Drummond, Jesse Cox, Curtis Kerner, Calis, and

2  Daniel Wheeler. (ECF Nos. 11, 12.)

3       The Eighth Amendment conditions of confinement claim is based on allegations that

4  Plaintiff's cellmate was having a mental health issue, and Plaintiff was placed in a shower cage

5  for over 8 hours with no access to food, water, or a toilet, and he was forced to stand the entire

6  time with severe back pain.

7       The Eighth Amendment failure to protect claim is based on allegations that Plaintiff's

8  cellmate, Davis, attacked him during a mental health breakdown after Defendants handcuffed

9  Plaintiff in his wheelchair and left him in the cell with Davis while they responded to an

10 emergency in another cell. Then, Davis attacked Plaintiff again 17 days later while Plaintiff was

11 brushing his teeth. Plaintiff avers that prison staff told Plaintiff they were aware of his cellmate's

12 mental health problems and propensity to attack prisoners and staff.

13      The Attorney General's Office accepted service for all defendants except for Calis, whom

14 it was unable to identify. (ECF No. 27.)

15      Defendants move to dismiss Plaintiff's complaint arguing that Plaintiff does not identify

16 the particular defendants that caused the alleged deprivation of his rights, does not allege facts

17 sufficient to state his Eighth Amendment claim, and claim they are entitled to qualified

18 immunity.

### II. LEGAL STANDARD

20       Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for

21 the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

22 Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab.*

23 *Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this

1 | standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v.*

2 | *Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most

3 | favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395

4 | U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*,

5 | 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action,

6 | supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal

7 | conclusions can provide the framework for a complaint, they must be supported by factual

8 | allegations." *Id*. at 679.

9 |      Allegations in pro se complaints are held to less stringent standards than formal pleadings

10 | drafted by lawyers, and allegations must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5,

11 | 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630

12 | F.3d 889, 893 (9th Cir. 2011).

13 |      Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and

14 | plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P.

15 | 8(a)(2).  The Supreme Court has found that at a minimum, a plaintiff should state "enough facts

16 | to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

17 | 570 (2007); *see also Iqbal*, 556 U.S. at 678.

18 |      The complaint need not contain detailed factual allegations, but it must contain more than

19 | a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also*

20 | *Iqbal*, 556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief

21 | above the speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something

22 | more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

23 |

1  action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36

2  (3d ed. 2004)).

3      The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair

4  notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

5  (internal quotation marks and citation omitted).  "A claim has facial plausibility when the

6  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

7  defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

8  "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

9  (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a

10  context-specific task that requires the reviewing court to draw on its judicial experience and

11  common sense." *Id*.  at 679 (citation omitted).  Allegations can be deemed "implausible" if there

12  are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

13      A dismissal should not be without leave to amend unless it is clear from the face of the

14  complaint that the action is frivolous and could not be amended to state a federal claim, or the

15  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

16  1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

17  Cir. 1990).

18                          **III. DISCUSSION**

19  **A. Eighth Amendment Conditions of Confinement**

20          **1. Plaintiff's Allegations**

21      Plaintiff alleges that on November 23, 2018, at approximately 4:00 p.m., he was woken

22  up in his bed by inmate Simm, a mental health inmate, informing defendant Noriega that he

23  (Simm) was having mental health problems. Noriega allegedly informed Simm that someone

1 | was on the way. Plaintiff was taken from his cell and was placed in a shower cage where he was

2 | made to stand for over eight hours and was denied food, water, or the ability to use the restroom

3 | while he had severe back pain. Plaintiff alleges that he complained to defendants Noriega,

4 | Chung, and Escamilla, and the John Doe sergeant who signed Plaintiff's filed emergency

5 | grievance dated November 24, 2018 at 6:45 a.m.

6 | **2. Qualified Immunity**

7 | "In evaluating a grant of qualified immunity, a court considers whether (1) the state

8 | actor's conduct violated a constitutional right and (2) the right was clearly established at the time

9 | of the alleged misconduct." *Gordon v. County of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021)

10 | (citing *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*,

11 | 555 U.S. 223 (2009)).

12 | "Whether a constitutional right is clearly established is a question of law for the court to

13 | decide." *Id.* at 968 (citing *Elder v. Holloway,* 510 U.S. 510, 511 (1994); *Morales v. Fry*, 873

14 | F.3d 817, 825 (9th Cir. 2017)). "For a constitutional right to be clearly established, a court must

15 | define the right at issue with 'specificity' and 'not … at a high level of generality.'" *Id.* (quoting

16 | *City of Escondido v. Emmons*, 139 S.Ct. 500, 503 (2019) (per curiam)). "'[A] court must ask

17 | whether it would have been clear to a reasonable officer that the alleged conduct was unlawful in

18 | the situation confronted.'" *Id*. at 969 (quoting *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017)).

19 | "'While there does not have to be a case directly on point, existing precedent must place the

20 | lawfulness of the particular [action] beyond debate,'" and must "'squarely govern[ ]' the specific

21 | facts at issue[.]" *Id*. (citations omitted). "The plaintiff 'bears the burden of showing that the

22 | rights allegedly violated were clearly established.'" *Id*. (quoting *Shafer v. County of Santa*

23 | *Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017)).

**3. Eighth Amendment Conditions of Confinement Standard**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 835.

Only deprivations of the minimal civilized measure of life's necessities are sufficient to violate the Eighth Amendment. *Johnson*, 217 F.3d at 731. These are "deprivations of essential

6

food, medical care, or sanitation" or "other conditions intolerable for prison confinement."

*Rhodes*, 452 U.S. at 348. As was mentioned above, the court should consider the circumstances,

nature and duration of a deprivation of these necessities. *Johnson*, 217 F.3d at 731. "The more

basic the need, the shorter time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1287, 1259 (9th

Cir. 1982).

**4. Analysis**

Defendants argue that Plaintiff does not allege an objectively sufficiently serious

deprivation and that the law was not clear that the alleged conduct would violate the Eighth

Amendment.

The screening order contained a thorough discussion of *Anderson v. County of Kern*, 45

F.3d 1310 (9th Cir. 1995). That case concerned the use of safety cells that were 10 feet by 10 feet

for suicidal and mentally disturbed inmates. The Ninth Circuit said: "Unquestionably, subjection

of a prisoner to *a lack of sanitation that is severe or prolonged* can constitute infliction of pain

within the meaning of the Eighth Amendment." *Anderson*, 45 F.3d at 1315 (emphasis added).  In

*Anderson*, however, the safety cells were used for short periods of time, the inmates had access

to a toilet in the cell, and were served meals while in the cell. The Ninth Circuit concluded that

the use of the safety cells did not violate the Eighth amendment where the sanitary limitations

imposed were more than temporary.

Five years later, in *Johnson v. Lewis*, 217 F.3d 726 (9th Cir. 2000), there was evidence of

substantial deprivation of shelter, food, drinking water, and sanitation over a period of four days,

which the court found was objectively, sufficiently serious to satisfy the objective prong of the

Eighth Amendment. *Id*. at 732. The court commented: "[A]lthough we have no doubt that toilets

can be unavailable for some period of time without violating the Eighth amendment, the

1  plaintiffs in this case testify that the state imposed conditions inescapably resulting in prisoners

2  wetting each other with urine … [which] would allow a fact-finder to conclude the plaintiffs

3  suffered a sufficiently serious deprivation to violate the Eighth amendment." *Id*. at 733.

4        Then, in *Hope v. Pelzer*, 536 U.S. 730 (2002), the Supreme Court found an Eighth

5  Amendment violation when prison officials handcuffed an inmate to a hitching post for seven

6  hours under prolonged sun exposure, without water, or restroom breaks. *Hope*, 536 U.S. at 738.

7        *Hope* confirmed that "[a]mong 'unnecessary and wanton' inflictions of pain are those that

8  are 'totally without penological justification.'" *Hope*, 536 U.S. at 737 (quoting *Rhodes v.*

9  *Chapman*, 452 U.S. 337, 346 (1981)). The Court noted that in the absence of any emergency,

10  Hope was subject to "unnecessary pain caused by the handcuffs and the restriction position of

11  confinement for a 7-hour period … to prolonged thirst and taunting, and to a deprivation of

12  bathroom breaks that created a risk of particular discomfort and humiliation." *Id*. at 738. The

13  Court held that "[t]his punitive treatment amounts to gratuitous infliction of 'wanton and

14  unnecessary' pain that our precedent clearly prohibits." *Id*.

15        The Court concluded the defendants were not entitled to qualified immunity because the

16  Eighth Amendment violation was "obvious." *Id*. at 741. In finding the law was clearly

17  established in this regard, the Court discussed a Fifth Circuit case finding that one of the forms of

18  corporal punishment that violates the Eighth Amendment is "forcing inmates to stand … or

19  otherwise maintain awkward positions for prolonged periods." *Id*. at 742 (citing *Gates v. Collier*,

20  501 F.2d 1291, 1306 (5th Cir. 1974)). *Hope* reiterated its finding that this conduct may violate

21  the Eighth Amendment: "Hope was treated in a way antithetical to human dignity—he was

22  hitched to a post for an extended period of time [7 hours] in a position that was painful, and

23  under circumstances that were both degrading and dangerous." *Id*. at 745.

1    In *Foster v. Runnels*, 554 F.3d 807 (9th Cir. 2009), the Ninth Circuit said: "There is no

2  question that an inmate's right to adequate food is clearly established." *Foster*, 554 F.3d at 815

3  (citations omitted). "A reasonable corrections officer should know that when an inmate can be

4  fed without risk to the prison officer's safety—as is assumed to be the case here—the prison

5  official cannot arbitrarily deny an inmate his meals." *Id.*

6    Finally, "some conditions of confinement may establish an Eighth Amendment violation

7  in combination when each would not do so alone." *Chappell v. Mandeville*, 706 F.3d 1052, 1061

8  (9th Cir. 2013).

9    As alleged, there was no penological justification for putting Plaintiff in the shower cage

10 for eight hours, as Plaintiff avers it was his cellmate's mental breakdown that precipitated this

11 course of conduct. This case involves an allegation Plaintiff was put in a shower cage for eight

12 hours, without access to food, water, or a toilet, and was forced to stand for those eight hours

13 (longer than in *Hope*) while he suffered from severe back pain. While any one of those

14 conditions on their own may not violate the Eighth Amendment, a fact-finder could reasonably

15 conclude these conditions constitute cruel and unusual punishment when taken together. In sum,

16 the authority cited above sufficiently put Defendants on notice that their alleged conduct may be

17 found to violate the Eighth Amendment. Moreover, under this authority, Plaintiff has alleged an

18 objectively sufficiently serious deprivation of his rights.

19    Defendants also argue that Plaintiff does not allege how each of them personally

20 participated in the alleged deprivation of his rights. Specifically, they contend he does not allege

21 that any Defendant was aware he had been detained in the shower, much less that they caused the

22 detention or were aware of any risk to Plaintiff.

23

1      When an official is sued under 42 U.S.C. § 1983, the inmate "must show that each

2   defendant personally played a role in violating the Constitution." *Hines v. Yousef*, 914 F.3d 1218,

3   1228 (9th Cir. 2019), *cert. denied sub nom., Smith v. Schwarzenegger,* 140 S.Ct. 159 (2019)

4   ("inmates must show that each defendant personally played a role in violating the constitution.").

5   "An official is liable under § 1983 only if 'culpable action , or inaction, is directly attributed to

6   them.'" *Id*. (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)).

7      Plaintiff alleges he complained to each of the three named defendants regarding the

8   conditions he was enduring. The court reads the FAC as alleging that it was the John Doe

9   sergeant who responded to his grievance after the fact. The parties can flush out in discovery the

10  precise sequence of events, but for purposes of the pleading stage, the court finds Plaintiff's

11  allegations are adequate under Rule 8(a).

12      In sum, it is recommended that Defendants' motion to dismiss be denied as to the Eighth

13  Amendment conditions of confinement claim.

14  **B. Eighth Amendment Failure to Protect**

15      **1. Plaintiff's Allegations**

16      Plaintiff alleges that since his arrival at Ely State Prison  in November 2018, he has been

17  housed in a cell with ESP's most violent mental health inmates. He alleges that the mental

18  deterioration of inmate Davis was well known by all named Defendants. On May 14, 2020,

19  Plaintiff claims he reported Davis's "behavior" at approximately 11:40 a.m., by filing an

20  emergency grievance to Wheeler and by yelling out to Gittere, Drummond, Cox, Kerner, and

21  Calis, who were all present in the unit for a cell search shakedown. Plaintiff goes on to allege

22  that he was handcuffed in his wheelchair, but the officers failed to handcuff inmate Davis,

23  leaving both inmates in the cell while they responded to another cell search. Plaintiff asserts that

Davis had a mental health breakdown and attacked Plaintiff. Plaintiff yelled to the named Defendants for help, and the officers responded. Plaintiff avers that Davis should have been removed from Plaintiff's cell after that incident on May 14, 2020.

Then, on May 31, 2020, while Plaintiff was still housed in a cell with Davis, Plaintiff was attacked again while brushing his teeth, resulting in injuries. He alleges that unspecified officers state that Davis does this all the time to inmates and staff. Plaintiff avers that all named Defendants responded on the May 15, 2020 grievance (which would have been after the first incident).

**2. Analysis**

Defendants argue that Plaintiff fails to state a claim because he does not allege facts showing Defendants were subjectively aware Davis posed a substantial risk of harm to Plaintiff.

In addition, they argue that with respect to the first attack, that Plaintiff cannot establish that Davis "objectively" posed a substantial risk of serious harm because he does not allege that Davis had made any threats of harm to Plaintiff or any allegation that establishes Davis was a greater threat than any other inmate.

Next, they argue that Plaintiff does not allege that each of these Defendants had any personal involvement in the violation of his rights. They contend he does not allege that they handcuffed Plaintiff in his wheelchair or that they witnessed Davis attack him or that they had any knowledge that would have allowed them to prevent the attack. With respect to the second attack, they contend that Plaintiff does not allege Defendants were present during the first attack, that he requested to be housed with a different inmate, or that the Defendants had authority to approve a cell move.

1      Prison officials must "take reasonable measures to guarantee the safety of the inmates."

2  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). "[P]rison

3  officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Id*. at

4  833 (citations and quotation marks omitted). "Having incarcerated 'persons [with] demonstrated

5  proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of

6  virtually every means of self-protection and foreclosed their access to outside aid, the

7  government and its officials are not free to let the state of nature take its course." *Farmer*, 511

8  U.S. at 833  (internal citations omitted). "Being violently assaulted in prison is simply not 'part

9  of the penalty that criminal offenders pay for their offenses against society.'" *Id*. at 834 (citing

10  *Rhodes*, 452 U.S. at 347).

11      Like the conditions of confinement claim above, this claim also includes an objective

12  and subjective component. *Id*. at 834. First, the deprivation must be, objectively, sufficiently

13  serious. *Id*. (citation omitted). When a plaintiff claims prison officials failed to take reasonable

14  steps to protect, the plaintiff must show that "he is incarcerated under conditions posing a

15  substantial risk of serious harm." *Id*. (citations omitted).

16      Second, the inmate must satisfy the subjective element. This means that the prison

17  official must know of and disregard a risk to the inmate's health or safety. "[T]he official must

18  both be aware of facts from which the inference could be drawn that a substantial risk of serious

19  harm exists, and he must also draw the inference." *Id*. at 837.

20      "A prison official's deliberate indifference may be established through an 'inference form

21  circumstantial evidence' or 'from the very fact that the risk was obvious.'" *Cortez v. Skol*, 776

22  F.3d 1046, 1050 (9th Cir. 2015) (citation omitted). "[O]bviousness of a risk may be used to

23  prove subjective knowledge, [but] liability may [not] be based on constructive knowledge." *Id*.

1  (citing *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 20130) (requiring

2  a plaintiff to demonstrate "that the risk was obvious or to provide other circumstantial or direct

3  evidence that the prison officials were aware of the substantial risk' to defeat summary

4  judgment.")). "[O]bviousness is not measured by what is obvious to a layman, but rather what

5  would be obvious in light of reason and the basic general knowledge that a prison official may be

6  presumed to have obtained regarding the type of deprivation involved." *Lemire*, 726 F.3d at 1078

7  (citation and quotation marks omitted).

8        Prison officials may avoid liability by: (1) proving they were unaware of the risk, or

9  (2) proving they "responded reasonably to the risk, even if the harm ultimately was not averted."

10 *Farmer*, 511 U.S. at 844-45.

11       The court will address the allegations of the two attacks by Davis separately.

12       With respect to the first attack, Plaintiff must allege facts showing that the conditions

13 posed a substantial risk of serious harm. The court agrees with Defendants that Plaintiff's

14 allegations are deficient in this regard.

15       Plaintiff alleges that Davis's mental health deteriorated and that he reported Davis's

16 "behavior," but he provides no information about *how* Davis's mental health deteriorated or what

17 kind of "behavior" he was engaged in to demonstrate that Davis objectively posed a risk of harm

18 to Plaintiff.

19       The facts regarding the subjective prong are also vague. Plaintiff alleges he reported the

20 behavior on May 14, 202, by filing an emergency grievance to Wheeler and by yelling out to

21 Gittere, Drummond, Cox, and Kerer, who were present in the unit for a cell search shakedown. It

22 is unclear *what* Plaintiff said in the emergency grievance to Wheeler, whether Wheeler received

23

1   the emergency grievance, and *what* he yelled out to the other Defendants or facts to indicate that

2   they would have heard Plaintiff.

3          Whether Plaintiff states a claim regarding the second attack is somewhat dependent on

4   what Plaintiff alleges with respect to the first attack, because each Defendant would have had to

5   have known about the first incident in order to have known Davis posed a risk of serious harm to

6   Plaintiff (or had knowledge that Davis otherwise posed a substantial risk of serious harm to

7   Plaintiff). Plaintiff's allegations are quite vague in this regard. Plaintiff states that during the first

8   attack, he "was yelling to all the named Defendants for help in which the officers responded[.]"

9   (ECF No. 8 at 9.) It is not entirely clear that each of the named Defendants responded and

10  Plaintiff does not include facts that each was specifically aware that Davis had attacked him on

11  May 14, 2020. Plaintiff also includes an allegation that "all named above Defendants included

12  John Doe Sgt. who responded on 5-15-20 emergency grievance." (ECF No. 8 at 11.) It is not

13  clear what emergency grievance is talking about—is it the emergency grievance he claims he

14  sent to Wheeler or some other emergency grievance? Nor does he state what the emergency

15  grievance said or who specifically responded and what their response was so as to indicate that

16  they knew that Davis posed a substantial risk of serious harm to Plaintiff before the second attack

17  and they failed to respond reasonably.

18         In sum, the court finds that Plaintiff does not state a claim upon which relief can be

19  granted with respect to his Eighth Amendment failure to protect claim. However, he should be

20  given leave to amend to attempt to cure these deficiencies. Given the recommendation that

21  Plaintiff be granted leave to amend, it is not appropriate to address Defendants' qualified

22  immunity argument as to this claim.

23

## IV. DISCOVERY

On October 5, 2023, the court granted Defendants' motion to stay discovery until the court resolves the issue of qualified immunity in the motion to dismiss. (ECF Nos. 39, 40.) Since this Report and Recommendation resolves the qualified immunity issue and recommends denying the motion insofar as Defendants assert they are entitled to qualified immunity, the court will issue a separate order with new scheduling order deadlines.

## V. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendants' motion to dismiss with respect to Plaintiff's Eighth Amendment conditions of confinement claim, but **GRANTING** the motion insofar as they move to dismiss the Eighth amendment failure to protect claim under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff, however, should be **GIVEN LEAVE TO AMEND** the Eighth Amendment failure to protect claim. Plaintiff should be given **21 days** from the date of any order adopting this Report and Recommendation to file a second amended complaint.

Plaintiff should be advised that the second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the second amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as the second amended complaint. Plaintiff should include only the allegations and defendants for the Eighth Amendment conditions of confinement claim that was previously allowed to proceed and the amended failure to protect claim. No other claims or defendants should be permitted in the second amended complaint. Plaintiff should also be advised that if he

1  fails to timely file a second amended complaint, this action will proceed only with the Eighth

2  Amendment conditions of confinement claim.

3       The parties should be aware of the following:

4       1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

5  this Report and Recommendation within fourteen days of being served with a copy of the Report

6  and Recommendation. These objections should be titled "Objections to Magistrate Judge's

7  Report and Recommendation" and should be accompanied by points and authorities for

8  consideration by the district judge.

9       2. That this Report and Recommendation is not an appealable order and that any notice of

10  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

11  until entry of judgment by the district court.

12

13  Dated: October 20, 2023

14  _____
     Craig S. Denney

15     United States Magistrate Judge

16

17

18

19

20

21

22

23