1
2
3

UNITED STATES DISTRICT COURT

4

DISTRICT OF NEVADA

5

* * *

6

REGINALD C. HOWARD,

Case No. 3:20-cv-00588-ART-CSD

7

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION (ECF NO. 42)
AND PARTIALLY GRANTING MOTION
TO DISMISS (ECF NO. 28)

8

v.

G. CARPENTER, *et al.*,

9

Defendants.

10

11        *Pro se* Plaintiff Reginald C. Howard brings this action under 42 U.S.C. §

12   1983 against Defendants Mathew Noriega, Kelvin Chung, Miguel Escamilla,

13   William Gittere, David Drummond, Jesse Cox, Curtis Kerner, Calis, and Daniel

14   Wheeler, asserting two separate Eighth Amendment claims. First, he brings

15   conditions of confinement claims against Noriega, Chung, and Escamilla for

16   locking him in a shower cage for eight hours without access to food, water,

17   medication, or a toilet. Second, he brings a failure to protect claim against

18   Gittere, Drummond, Cox, Kerner, Calis, and Wheeler for failing to prevent

19   attacks by his cellmate.

20        Before the Court is a Report and Recommendation ("R&R") by United

21   States Magistrate Judge Craig S. Denney, (ECF No. 42), responding to

22   Defendants' Motion to Dismiss (ECF No. 28) and recommending the Court grant

23   dismissal on Mr. Howard's failure to protect claim and deny dismissal on his

24   conditions of confinement claim. Defendants have timely objected to the R&R

25   (ECF No. 45). After conducting *de novo* review, the Court is satisfied with Judge

26   Denney's reasoning and adopts the R&R in full. It therefore partially grants and

27   partially denies Defendants' Motion to Dismiss.

28

I.    **Background**

Mr. Howard alleges that, on November 23, 2018, at approximately 4:00 p.m., he was awoken by a conversation between Officer Noriega and a fellow inmate, who was having a mental health episode. (ECF No. 8 at 6.) Mr. Howard was then taken from his cell and placed in a shower cage, where he was made to stand for over eight hours and denied food, water, medicine, and the ability to use the restroom. (*Id.*)

At all times relevant to his complaint, Mr. Howard was a medical inmate at Ely State Prison. (*Id.* at 6-8.) He suffered from severe back pain, which was exacerbated by his confinement in the shower cage. (*Id.* at 6.) He made medical requests to "all above named defendants" (including Noriega, Chung, and Escamilla) seeking access to the pain and blood pressure medications he kept in his cell. (*Id.*) Those requests were denied. (*Id.*) Several individuals, including Noriega, Chung, Escamilla, and a John Doe sergeant, also allegedly conspired to deny Mr. Howard food, water, and restroom access. (*Id.*) Eventually, Mr. Howard's pain became so intolerable that he requested a medical man-down—a status reserved for medical emergencies—which was denied. (*Id.*)

II.    **Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

1  matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
2  678 (quoting *Twombly*, 550 U.S. at 570). Under this standard a district court
3  must accept as true all well-pleaded factual allegations in the complaint and
4  determine whether those factual allegations state a plausible claim for relief. *Id.*
5  at 678-79.

6      III.  **Discussion**

7      This Court "may accept, reject, or modify, in whole or in part, the findings
8  or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where
9  a party timely objects to a magistrate judge's R&R, as Defendants did here, (ECF
10  No. 45), the Court is required to "make a *de novo* determination of those portions
11  of the [R&R] to which objection is made." *Id.* Thus, the Court reviews the
12  conditions of confinement portion of Defendants' Motion to Dismiss *de novo*.

13      Judge Denney recommends denying dismissal because Mr. Howard has
14  alleged facts sufficient to support his conditions of confinement claim.
15  Defendants respond that dismissal is necessary because (1) Defendants were
16  unaware of the alleged constitutional deprivation when it occurred; (2) even if
17  they were aware, Mr. Howard's confinement did not constitute a constitutional
18  deprivation; and (3) Defendants are entitled to qualified immunity. Defendants'
19  arguments are uncompelling.

20      Mr. Howard has alleged facts sufficient to support a finding that
21  Defendants Noriega, Chung, and Escamilla were aware of Mr. Howard's
22  constitutional deprivation as it occurred. Where a prisoner alleges injuries
23  stemming from unsafe conditions of confinement, prison officials may be held
24  liable only if they acted with "deliberate indifference to a substantial risk of
25  serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The
26  deliberate indifference standard involves both an objective and subjective
27  component. By alleging Defendants were unaware of Mr. Howard's constitutional
28  deprivation, Defendants have challenged the sufficiency of the Complaint's

1    subjective component.

2        Subjectively, a prison official must "know[] of and disregard[] an excessive

3    risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4    This requires actual, subjective knowledge on the part of the defendant; mere

5    negligence or allegations that she "should have known" will not suffice. *Id.* at

6    835, 837 ("[D]eliberate indifference entails something more than mere

7    negligence. . . . [The] official must both be aware of facts from which the inference

8    could be drawn that a substantial risk of serious harm exists, and he must also

9    draw the inference.").

10       Here, Mr. Howard has alleged that he made medical requests to Noriega,

11   Chung, and Escamilla while he was held in the shower cage and that each of

12   them actively contributed to his constitutional deprivation by denying him

13   medication, food, water, and access to a restroom. (ECF No. 8 at 6.). Specifically,

14   Mr. Howard states:

15       "Plaintiff complained to Defendant C/O Noriega, Defendant C/O
         Chung, Defendant C/O [Escamilla], John Doe Sgt. who signed
16       Plaintiff filed emergency grievance . . . [and other prison employees].
         All above named defendants denied Plaintiff medical request for his
17       pain medication and high blood pressure medication that was left in
         his cell. . . for eight hours Plaintiff was not allowed any water, no
18       food and wasn't allow the uses of the restroom *by all named
         defendants* . . . ."

19   (*Id.* (emphasis added).)

20       Although Defendants argue that Mr. Howard only complained to Noriega,

21   Chung, and Escamilla after he was released from confinement, this conflicts with

22   the allegations that Defendants denied him medication and actively participated

23   in the denial of food, water, and restroom access. (*Id.* ("for eight hours Plaintiff

24   was not allowed any water, no food and wasn't allow the uses of the restroom by

25   *all named Defendants* . . . .") (emphasis added).)

26       The Complaint alleges that John Doe "signed Plaintiff['s] filed emergency

27   grievance." (*Id.*) Defendants argue that this allegation somehow concedes that

28   Noriega, Chung, and Escamilla were only informed of Mr. Howard's confinement

4

the morning after it occurred, when Mr. Howard filed his grievance. This argument ignores the allegation that Noriega, Chung, and Escamilla denied Mr. Howard his medicine and actively participated in the deprivation of food, water, and bathroom facilities. Most naturally, the complaint simply alleges that John Doe Sargeant signed Mr. Howard's grievance the next day.

Defendants also argue that Mr. Howard has not demonstrated an "objective" deprivation under his conditions of confinement claim. Specifically, they object to Judge Denney's reliance on *Johnson v. Lewis* and *Hope v. Pelzer*, which they claim involved significantly more severe depravations than the one alleged by Mr. Howard. (ECF no. 45 at 9.) In fact, the deprivations alleged in *Hope* are in some ways less severe than Mr. Howard's alleged deprivation and sufficient, along with the other cases Judge Denney cites in his R&R, to support a finding of objective deprivation.

In addition to the subjective test described above, an alleged deprivation must satisfy an "objective" test by being "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). To meet this standard, a plaintiff must allege a deprivation of "the minimal civilized measure of life's necessities." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). These necessities include "adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson*, 217 F.3d at 731. In determining whether a deprivation occurred, courts should consider the circumstances, nature, and duration of an alleged deprivation—the more serious the circumstances, the shorter the deprivation must be. *Id.*; *Hoptowit v. Ray*, 682 F.2d 1287, 1259 (9th Cir. 1982) ("The more basic the need, the shorter time it can be withheld."); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

In *Hope v. Pelzer*, the Supreme Court held that "the Eighth Amendment

5

violation [was] obvious" after the plaintiff was tied to a hitching post on two occasions. 535 U.S. 730, 733-34, 38 (2002). The first occasion lasted only two hours, and the plaintiff was offered drinking water and bathroom breaks every 15 minutes. *Id.* The second occasion occurred a month later, lasted 7 hours, and the plaintiff was given water "only once or twice" with no bathroom breaks. *Id.* at 734. The plaintiff was also subject to "pain and discomfort" from his connection to the hitching post and, at least on the second occasion, was made to remove his shirt, burned by the sun, and taunted with water that he could not reach. *Id.* The Court held that receiving no bathroom breaks "created a risk of particular discomfort and humiliation" and that all factors together "violated the basic concept underlying the Eighth Amendment, which is nothing less than the dignity of man." *Id.* at 738.

The individual aspects of Mr. Howard's deprivation either meet or exceed those described in *Hope*. Mr. Howard was subject to a longer period of confinement (eight hours vs. Hope's seven), offered fewer water breaks (zero times vs. Hope's two), provided the same number of bathroom breaks (zero), experienced at least a comparable degree of "pain and discomfort" (so bad that he requested declaration of a medical emergency), and was deprived of doctor-prescribed medication (unlike the plaintiff in *Hope*). If the *Hope* plaintiff's deprivation was "obvious," so too was Mr. Howard's. This deprivation, along with Defendants' awareness of it and the other cases cited in Judge Denney's R&R, is enough to support Mr. Howard's conditions of confinement claim at this early stage in the litigation.

Finally, Defendants object that Noriega, Chung, and Escamilla are entitled to qualified immunity and that Mr. Howard cannot overcome their qualified immunity defense unless he affirmatively cites caselaw addressing the issue. (ECF No. 45 at 11-12.) Defendants misconstrue Mr. Howard's burden and are not entitled to qualified immunity.

When the defense of qualified immunity is raised in a 12(b)(6) motion, "dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal quotation marks omitted). A court considers whether plaintiff's factual allegations, taken as true, "support the claim that the officials' conduct violated clearly established constitutional rights. . . ." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). "If the operative complaint contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right, then plaintiffs are entitled to go forward with their claims." *Id.* (internal quotation marks omitted). Thus, at the motion to dismiss stage, a plaintiff like Mr. Howard is not required to anticipate the defense of qualified immunity in his complaint or to affirmatively cite to any caselaw on qualified immunity. *C.f. Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016) (overturning the district court's *sua sponte* dismissal of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) and holding that dismissal is only appropriate at that stage when a complaint "clearly show[s] that [plaintiff] would be unable to overcome qualified immunity.").

Since Mr. Howard has a clearly-established right to be free of the punishment alleged in his complaint, as demonstrated in this order and in Judge Denney's R&R, Defendants are not entitled to qualified immunity.

As for Mr. Howard's failure to protect claim, Mr. Howard did not object to Judge Denney's recommendation that the Court dismiss that claim. Thus, the Court is only required to review for clear error. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection."); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings

and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court is satisfied that Judge Denney did not clearly err and that the failures in Mr. Howard's complaint can be addressed in a future motion to amend. (*See* ECF No. 44.)

IV.   **Conclusion**

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 42) partially granting and partially denying Defendants' Motion to Dismiss (ECF No. 28) is accepted and adopted in full. It is further ordered that Defendants' Motion to Dismiss (ECF No. 28) is granted in part and denied in part, as described above.

Dated this 22nd Day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

8