UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD C. HOWARD, | Case No.: 3:20-cv-00588-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 49 |
| G. CARPENTER, et al., | |
| Defendants | |

Before the court is Defendants' motion to strike Plaintiff's second amended complaint. (ECF No. 49.) Plaintiff filed a response. (ECF No. 50.) Defendants filed a reply. (ECF No. 54.)

After a thorough review, Defendants' motion is denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 8.)

The court screened Plaintiff's FAC and allowed him to proceed with: (1) an Eighth Amendment conditions of confinement claim against Mathew Noriega, Kelvin Chung, and Miguel Escamilla; and (2) an Eighth Amendment failure to protect claim against William Gittere, David Drummond, Jesse Cox, Curtis Kerner, Calis, and Daniel Wheeler. (ECF Nos. 11, 12.)

The Defendants moved to dismiss Plaintiff's action, arguing Plaintiff did not identify the particular defendants that caused the alleged deprivation of rights, he does not allege facts

sufficient to state his Eighth Amendment claim, and on the basis that they are entitled to qualified immunity. (ECF No. 28.)

The undersigned recommended granting the motion to dismiss as to the failure to protect claim, and but denying it as to the conditions of confinement claim. (ECF No. 42.)

On October 26, 2023, before the period to file any objections to the report and recommendation had run, Plaintiff filed a second amended complaint. (ECF No. 44.)

On November 3, 2023, Defendants objected to the recommendation to deny dismissal of the conditions of confinement claim. (ECF No. 45.) Plaintiff filed a response. (ECF No. 46.)

On December 22, 2023, District Judge Traum accepted and adopted the report and recommendation in full. (ECF No. 48 at 8:9-11.) In that order, Judge Traum stated that the failures in the FAC (*i.e.*, with respect to the failure to protect claim) could be addressed in a future motion to amend, specifically referencing ECF No. 44, which was Plaintiff's second amended complaint. (ECF No. 48 at 8:5-7.)

On December 29, 2023, Defendants filed this motion to strike the second amended complaint. (ECF No. 49.) They argue that Plaintiff never sought leave to amend before filing the second amended complaint.

## II. DISCUSSION

The undersigned recommended that Plaintiff be given leave to amend his Eighth Amendment failure to protect claim and that should occur within 21 days of the date of any order adopting the report and recommendation. (ECF No. 42 at 15:12-14.)

Defendants argue that Judge Traum modified the report and recommendation by not including the language from the report and recommendation about filing a second amended complaint. However, Judge Traum's order was clear that it was accepting and adopting the report

and recommendation *in full*. While Plaintiff should have waited for the order accepting and adopting the report and recommendation, it is clear that Plaintiff was given leave to amend. Therefore, Defendants' motion to strike the second amended complaint will be denied.

### III. CONCLUSION

Defendants' motion to strike the second amended complaint (ECF No. 49) is **DENIED**.

Defendants have up to and including **March 5, 2024**, to file an answer or otherwise respond to the second amended complaint. They may not move to dismiss the Eighth Amendment conditions of confinement claim on the same grounds that were already rejected by the court.

In addition, the court notes that Defendants have filed a motion to stay this case pending resolution of their appeal of the denial of their motion as to the Eighth Amendment conditions of confinement claim on qualified immunity grounds. (ECF No. 55.) That motion remains pending before Judge Traum at this time, and the appeal does not concern the failure to protect claim.

Dated: February 13, 2024

_____
Craig S. Denney
United States Magistrate Judge

3