## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

REGINALD C. HOWARD,

    Plaintiff

v.

G. CARPENTER, et al.,

    Defendants

Case No.: 3:20-cv-00588-ART-CSD

**Order**

Re: ECF No. 67

Before the court is Plaintiff's motion to compel discovery. (ECF No. 67.) Defendants filed a response. (ECF No. 68.) Plaintiff filed a reply. (ECF No. 69.) For the reasons set forth below, Plaintiff's motion is denied.

## I. DISCUSSION

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The operative pleading is the second amended complaint (ECF No. 44), which asserts two claims: (1) an Eighth Amendment conditions of confinement claim against Noriega, Chung, and Escamilla, and (2) an Eighth Amendment failure to protect claim against Gittere, Drummond, Cox, Kerner, Calis and Wheeler. (*See* ECF Nos. 11, 12, 42, 44, 48.)

Plaintiff has filed a motion to compel discovery which appears to focus on three items requested for production by Defendants: (1) an emergency grievance filed by Plaintiff on November 23, 2018; (2) video footage from the alleged conditions of confinement incident on November 23, 2018, and the alleged failure to protect incident on May 14, 2020.

**1. The November 23, 2018, Emergency Grievance**

Plaintiff submits a copy of the November 23, 2018, emergency grievance (ECF No. 67 at 6), and therefore, it is in his possession. Defendants have indicated that they do not possess that document. It appears that Plaintiff wants Defendants to take his copy, bates label it, and submit it as part of their response to his request for production of documents. If Defendants have responded that they do not have the document in their possession, the court cannot compel them to respond otherwise or make them bates label Plaintiff's copy of the document. Plaintiff can use his copy of the document as evidence in connection with a motion or at trial as he sees fit. However, his request for an order compelling Defendants to produce the document, or to bates label Plaintiff's copy and produce it is denied.

**2. Video Footage from November 23, 2018, and May 14, 2020**

Defendants have advised Plaintiff in a letter as part of the meet and confer process, and a declaration by a legal researcher at NDOC, that no responsive video exists (ECF No. 67 at 23; ECF No. 68-1); therefore, there is nothing for the court to compel Defendants to produce.

Plaintiff argues in his reply brief that there was spoliation of evidence because he put NDOC on notice that the video should be preserved, but it is improper to raise the spoliation argument in a reply brief. Plaintiff may make an argument for spoliation in a separate motion at the appropriate time if he sees fit. His motion to compel the production of video evidence that Defendants have indicated does not exist is denied.

///

///

///

///

2

## II. CONCLUSION

Plaintiff's motion to compel (ECF No. 67) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 10, 2026

_____
Craig S. Denney
United States Magistrate Judge